IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

Civil Action No: 5:10-cv-94-RLV-DSC

| | |
|---|---|
| JOHN YORK, D.O. )<br>)<br>Plaintiff )<br>)<br>v. )<br>) | **STIPULATED CONSENT** |
| HEALTH MANAGEMENT ASSOCIATES, )<br>INC. and STATESVILLE HMA )<br>PHYSICIAN MANAGEMENT, LLC )<br>)<br>Defendant )<br>) | **PROTECTIVE ORDER** |

This matter is before the Court pursuant to the agreement of counsel for the Plaintiff John York, D.O. ("Plaintiff") and Defendants Health Management Associates, Inc. and Statesville HMA Physician Management, LLC ("Defendants") for entry of a Stipulated Consent Protective Order under Rule 26(c) of the Federal Rules of Civil Procedure. Plaintiff brings this action claiming a breach of contract against the Defendants. In the course of discovery in this action, the parties will have reason to request and exchange confidential information, including but not limited to personal, business, financial, and proprietary information with respect to Plaintiff's and Defendants' discovery requests. Counsel for the parties have deemed it to be in the best interest of both parties to facilitate the discovery process by agreeing to maintain such information as Confidential and to restrict the dissemination of such information.

Accordingly, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and upon agreement of counsel, good cause having been shown, and the Court deeming it just and proper to do so, it is hereby ORDERED that:

1.      This Order governs the handling and disclosure of all materials produced, given, or filed herein by the parties and designated as "CONFIDENTIAL" during the discovery phase of this action. A separate order will be entered at the appropriate time regarding the use of CONFIDENTIAL INFORMATION during the trial or trials of any matter or issue herein. For purposes of this Order, CONFIDENTIAL INFORMATION includes, but is not limited to, confidential personal, business, financial, and proprietary information with respect to Plaintiff's and Defendants' discovery requests.

2.      **Definitions.**

   a.   "Document" means all writings, drawings, graphs, charts, recordings, and any other documents as defined in Rule 34 of the Federal Rules of Civil Procedure.

   b.   "Material" means any document, any answer to any interrogatory or other discovery request in this action, any portion of any deposition (including deposition exhibits) in this action, and any other information produced, given, or filed in this action.

   c.   "Parties" mean Plaintiff and Defendants.

3.      **Procedure for Designating Information as Confidential**. A party or witness may designate as CONFIDENTIAL INFORMATION any material produced in the course of discovery that contains confidential information by writing, typing, or stamping on the face of such material the words "CONFIDENTIAL", or by otherwise notifying counsel for the parties in writing, and, in the case of deposition transcripts and exhibits, also the court reporter, at the time of the production of the document or within 20 days of receipt of the deposition transcript. In the event CONFIDENTIAL INFORMATION is contained in any written response to a discovery request, in any deposition transcript, or in any exhibit thereto, the confidential portion of such

response, transcript, or exhibit shall be separately bound, and the word "CONFIDENTIAL" shall be placed thereon.

4. **Communications Between the North Carolina Medical Board and Plaintiff Are Deemed Confidential.** Any material produced in the course of discovery that pertains to communications between Plaintiff and the North Carolina Medical Board will automatically be treated as confidential. This includes, but is not limited to, documents produced by Steve Petersen, Esq. of Smith Moore, LLP, pursuant to Defendant's subpoena dated March 7, 2012.

5. In the event confidential, proprietary or sensitive material is inadvertently produced without placing the designation "CONFIDENTIAL" thereon, the party or witness may, subsequent to the production (or subsequent to the 20-day period for designating deposition transcripts), designate the material as CONFIDENTIAL INFORMATION. In such event, the material shall be treated in accordance with the terms of this Order from the time of the designation.

6. Should a party object to the designation of any material as CONFIDENTIAL, and provide that there is no agreement with respect to such designation, a party may appeal to the Court for a ruling that the material shall not be so treated. Until the Court enters an order, if any, changing the designation of the material, it shall be treated as CONFIDENTIAL as provided in this Order.

7. **Disclosure and Use of Confidential Information**. Provided that the requesting party and that party's counsel shall adhere strictly to the provisions of this Order with respect to all materials designated as Confidential, Counsel for the requesting party may have access to, inspect and copy CONFIDENTIAL MATERIALS sought through legitimate discovery means (except as described below), and no objection shall be raised to the production of any

3

information or documents, or the answering to any interrogatories or deposition questions, on the grounds that said information, documents or answers are or may be considered confidential by the producing party, *unless* said information was inadvertently produced and/or such information was intended to be confidential when originally disclosed.

8. The production or disclosure of CONFIDENTIAL MATERIALS pursuant to the terms of this Order by the producing party shall not waive or prejudice the right of the producing party to object to the production or admissibility of documents or information on grounds other than confidentiality in this action or on grounds in any other action. It is specifically agreed that making the materials or documents available for inspection and the production of the materials or documents shall not constitute a waiver by the parties of any claim of confidentiality, and the production of such materials or documents shall not be considered as an acknowledgment that the materials or documents may be admissible into evidence at the trial of this action.

9. Except upon further order of the Court, CONFIDENTIAL INFORMATION, and information derived therefrom, shall be disclosed only to counsel for the parties in this action; their legal assistants and other staff members; outside companies engaged by attorneys for the parties to photocopy such documents; or current or former employees of Defendants who provide material assistance in the legal representation of the Defendants; a deponent in the action (during a deposition or in preparation therefrom) when the Confidential materials are materially related to the questions asked to or testimony of such deponent; any court reporter utilized for depositions in the course of this litigation and their staff, for purposes of preparing transcripts; experts consulted or assisting the parties in this action; and the Court and its regularly-employed staff.

4

Case 5:10-cv-00094-RLV -DSC   Document 29   Filed 04/25/12   Page 4 of 8

10. All CONFIDENTIAL INFORMATION, and information derived therefrom, shall be used solely in the good faith prosecution or defense of this action and shall not be used or disclosed by any person for any other purpose.

11. Any person other than counsel of record, employees of counsel, the court, its personnel, court reporters and their staff must execute a form as is attached hereto as Exhibit A prior to the disclosure of CONFIDENTIAL INFORMATION. Counsel shall keep a record of all persons to whom disclosures are made and shall retain in their possession, custody, and control all the written statements signed by those persons. All CONFIDENTIAL INFORMATION, and any documents containing information derived therefrom, including copies of such documents, shall be returned to counsel by persons given access to them as soon as practicable.

12. **Procedure for Filing Documents under Seal.** When a party seeks to file confidential documents, things and/or information, including confidential portions of any transcript, a party shall submit such materials to the Court in a sealed envelope or other appropriately sealed container in accordance with the provisions of the local rules, which covering shall be endorsed with the title of this action and a statement substantially in the following form: "Filed Under Seal Pursuant to Protective Order".

13. **Disposition of Documents**. After the final disposition of this action, including the conclusion of any and all appeals, all CONFIDENTIAL INFORMATION maintained in sealed files of the Court shall be returned to counsel for the party or witness filing such CONFIDENTIAL INFORMATION. After termination of this action, each receiving party shall return all documents marked "CONFIDENTIAL" of the conveying party in this possession, custody or control, except that counsel of record may retain one copy of each item.

5

14. **General Terms.** Each person who receives CONFIDENTIAL INFORMATION submits himself or herself to the personal jurisdiction of the Court, wherever he or she shall be, for the enforcement of this Order. This jurisdiction shall survive the termination of this action. Nothing in this Order shall require disclosure of material which the conveying party contends is protected from disclosure by the attorney-client privilege, or as constituting attorney work product materials. This Order shall not prevent either party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing between themselves to modification of this Order, subject to the approval of the Court. This Order may be modified only by further Order of the Court.

It is so ORDERED this 25 day of April, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

**AGREED TO:**

/s/ Shawn Copeland
Shawn A. Copeland, NC Bar No.: 36345
Copeland, Cook, & Richards, PLLC
20509 North Main Street
Cornelius, NC 28031
Tel: (704) 439-4441
Fax: (704) 439-4413
E-Mail: shawn@ccrlaw.com

Counsel for Plaintiff

/s/ Matthew D. Duncan
Ann H. Smith, NC Bar No.: 23090
Matthew Duncan, NC Bar No.: 35260
JACKSON LEWIS LLP
1400 Crescent Green, Suite 215
Cary, North Carolina 27518
Telephone: (919) 854-0044
Fax: (919) 854-0908
E-mail: Ann.Smith@jacksonlewis.com
E-mail: duncanm@jacksonlewis.com
Attorneys for Defendants

4842-4624-8719, v. 1

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION

Civil Action No: 5:10-cv-94-RLV-DSC

| | |
|---|---|
| JOHN YORK, D.O. ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | **ACKNOWLEDGEMENT OF** |
| HEALTH MANAGEMENT ASSOCIATES, ) | **CONSENT ORDER** |
| INC. and STATESVILLE HMA ) | |
| PHYSICIAN MANAGEMENT, LLC ) | |
| ) | |
| Defendant ) | |
| ) | |

I, _____, hereby acknowledge that I have received a copy of the Consent Protective Order entered on _____, 2012, in this action. I have read the Consent Protective Order, agree to be bound by all of its provisions, and agree to submit to the jurisdiction of this Court in connection with its enforcement.

I shall not use or disclose any Confidential Information, as defined in the Consent Protective Order, for any purpose or to any person other than those purposes or persons specifically authorized by the Consent Protective Order. I shall not copy or use such information except for purposes of this Litigation and pursuant to the terms of the Consent Protective Order.

As soon as practical but no later than thirty (30) days after final termination of this Litigation, I shall return to the counsel from whom I have received the information, any Documents, files, or records, in whatever format, including electronic, in my possession

constituting Confidential Information, as solely determined by such attorney, and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

Signed:_____ Dated:_____

4842-4624-8719, v. 1

2

Case 5:10-cv-00094-RLV -DSC   Document 29   Filed 04/25/12   Page 8 of 8